UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ELAINE WANG, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| THE MEDICINES COMPANY, | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| ALEXANDER J. DENNER, PHD, GENO J. | : **THE SECURITIES EXCHANGE ACT** |
| GERMANO, JOHN C. KELLY, CLIVE | : **OF 1934** |
| MEANWELL, MD PHD, PARIS | : |
| PANAYIOTOPOULOS, SARAH J. | : **JURY TRIAL DEMANDED** |
| SCHLESINGER, MD, MARK TIMNEY, | : |
| NOVARTIS AG, and MEDUSA MERGER | : |
| CORPORATION, | : |
| | : |
| Defendants. | : |

---

Elaine Wang ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against The Medicines Company, Inc. ("The Medicines Company or the "Company") and the members The Medicines Company board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of The Medicines Company by affiliates of Novartis AG ("Novartis").

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the

"Solicitation Statement") to be filed on December 5, 2019 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Medusa Merger Corporation, a wholly owned subsidiary of Novartis, will merge with and into The Medicines Company, with The Medicines Company continuing as the surviving corporation and a wholly owned subsidiary of Novartis (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement"), each The Medicines Company common share issued and outstanding will be converted into the right to receive $85.00 per share in cash (the "Merger Consideration"). In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of The Medicines Company's outstanding common stock and will expire on January 3, 2020.

3.      Defendants have now asked The Medicines Company's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.  Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) The Medicines Company's financial projections relied upon by the Company's financial advisors, Goldman Sachs & Co. LLC ("Goldman Sachs") and J.P. Morgan Securities LLC ("J.P. Morgan") in their financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by the financial advisors. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as The Medicines Company stockholders need such information in order to tender their shares in support of the Proposed Transaction.

2

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to The Medicines Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because The Medicines Company is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of The Medicines Company common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Alexander J. Denner has served as a member of the Board since 2016 and as Chairman of the Board since 2018.

11. Individual Defendant Geno J. Germano has served as a member of the Board since 2017.

12. Individual Defendant John C. Kelly has served as a member of the Board since 2011.

13. Individual Defendant Clive A. Meanwell, a founder of the Company, has served as a member of the Board and since 1996, and is also the Company's chief innovation officer.

14. Individual Defendant Paris Panayiotopoulos has been a member of the Board since 2017.

15. Individual Defendant Sarah J. Schlesinger has served as a member of the Board since 2018.

16. Individual Defendant Mark Timney has served as member of the Board since 2018.

17. Defendant The Medicines Company is incorporated in Delaware and maintains its principal offices at 8 Sylvan Way Parsippany, New Jersey 07054. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "MDCO."

18. Defendant Novartis is a Swiss corporation and a party to the Merger Agreeement.

19. Defendant Merger Sub, Inc. is a Delaware corporation and a wholly owned subsidiary of Novartis and a party to the Merger Agreement.

20. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**A.     The Proposed Transaction**

22.     The Medicines Company, a biopharmaceutical company, focuses on developing therapeutics for the treatment of therosclerotic cardiovascular disease. The company is developing Inclisiran, an investigational RNA interference therapeutic that inhibits production of proprotein convertase subtilisin/kexin type 9, which controls LDL-cholesterol levels. It has collaboration agreement with Alnylam Pharmaceuticals, Inc. The Medicines Company was founded in 1996 and is headquartered in Parsippany, New Jersey.

23.     On November 24, 2019, the Company announced the Proposed Transaction:

PARSIPPANY, N.J.--(BUSINESS WIRE)--The Medicines Company (NASDAQ: MDCO) announced today that it has entered into definitive agreement in which Novartis AG will acquire The Medicines Company for $85 per share in an all-cash transaction, implying a fully diluted equity value of $9.7 billion. The price represents a premium of approximately 45% to The Medicines Company's closing share price of $58.65 on November 18, 2019 (the last trading day prior to news reports of a potential transaction between The Medicines Company and Novartis AG). The transaction was unanimously approved by the Boards of Directors of both companies.

"Our company's singular, relentless focus and the unwavering commitment of our employees have led to this opportunity to unlock the intrinsic value of inclisiran for patients and to maximize value for our shareholders," said Mark Timney, Chief Executive Officer of The Medicines Company. "We are excited that millions of patients with atherosclerotic cardiovascular disease and familial hypercholesterolemia will potentially benefit from this transformational therapy."

Alexander J. Denner, Ph.D., Chairman of The Medicines Company Board of Directors, said: "This $9.7 billion transaction is a great outcome for shareholders of The Medicines Company. Not so long ago, The Medicines Company was at a crossroads due to the loss of its key revenue driver. I am proud of the company's transformation under a reconstituted board into a lean, highly focused team successfully advancing an exciting new therapy and creating tremendous value for patients and shareholders."

"We recognized the innovative promise of inclisiran and focused the company's resources to advance it from early development through phase 3 in 'record' time for the benefit of patients. Inclisiran has the potential to revolutionize the treatment of cardiovascular disease and profoundly improve the lives of millions of people around the world."

Dr. Denner continued, "Our vision for inclisiran is an affordable, widely available treatment that will dramatically reduce both the medical and economic burden of cardiovascular disease. Given the enormous capital required to realize its full potential, we have decided to sell to a company with resources and scale in excess of ours."

> "On behalf of the board, I thank our outstanding management team and talented employees for their tireless work and dedication. I would also like to thank our partner Alnylam whose gracious support was invaluable in consummating this transaction."
>
> Completion of the transaction is expected in first quarter of 2020, pending the successful completion of the tender offer and other customary closing conditions. Until that time, The Medicines Company will continue to operate as a separate and independent company. The company expects to file regulatory submissions for inclisiran in the U.S. in the fourth quarter of 2019 and in Europe in the first quarter of 2020.
>
> Goldman Sachs & Co. LLC and J.P. Morgan Securities LLC are acting as financial advisors to The Medicines Company, and Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal counsel for The Medicines Company.
>
> **Transaction Details**
>
> Under the terms of the merger agreement, Novartis AG will commence a tender offer to purchase all outstanding shares of The Medicines Company for $85 per share in cash. Following the completion of the tender offer, a wholly owned subsidiary of Novartis AG will merge with The Medicines Company and shares of The Medicines Company that have not been tendered and purchased in the tender offer will be converted into the right to receive the same price per share in cash as paid in the tender offer (other than shares held by stockholders who properly demand and perfect appraisal rights under Delaware law). The tender offer and the merger are subject to customary closing conditions, including the tender of at least a majority of outstanding shares of The Medicines Company and the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act. The tender offer and the merger are not subject to a financing condition.

24.     It is therefore imperative that The Medicines Company's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

7

**B.     The Materially Incomplete and Misleading Solicitation Statement**

25.     On December 5, 2019, The Medicines Company filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

26.     The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by Goldman Sachs and J.P. Morgan, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

27.     For the Management Projections (the "Projections") prepared by Company management for The Medicines Company, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) EBIT; (2) EBITDA, and (3) Unlevered Free Cash Flow, but fails to disclose: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G. Solicitation Statement 36.

28. With respect to Goldman Sachs's *Illustrative Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the projected terminal values for the companies; (ii) the companies' unlevered free cash flows, including the line items used to calculate them; (iii) the basis for applying a perpetual growth rate ranging from -10.0% to 0.0%; (iv) the basis for applying the range of discount rates from 9.0% to 11.0%; (v) the number of fully diluted shares of common stock outstanding as of November 21, 2019; and (vi) the net ca3sh of the Company as of September 30, 2019. Solicitation Statement at 41-42.

29. With respect to J.P. Morgan's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the line items used to calculate the unlevered free cash flows that the Company is expected to generate during fiscal years 2019 through 2040; (ii) the basis for applying a perpetual growth rate of -5% of the unlevered cash flows of the Company; (iii) the terminal asset value; (iv) the basis for applying the range of discount rates from 10.5% to 12.5%; and (v) Company's estimated 2019 fiscal year-end excess cash, option exercise proceeds, total debt and the impact of certain net operating losses accrued historically by the Company and net operating losses generated over the forecast period as provided by management. Solicitation Statement at 46.

30. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

31. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

32. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

33. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

35. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in

violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

36. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

37. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

38. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

### COUNT II
**Violations of Section 14(d)(4) of the Exchange Act and
Rule 14d-9 Promulgated Thereunder
(Against All Defendants)**

39. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

40. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

41. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

42. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

43. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

44. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

45. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46. The Individual Defendants acted as controlling persons of The Medicines Company within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue

of their positions as directors of The Medicines Company, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of The Medicines Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of The Medicines Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

49. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

52. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: December 12, 2019

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

/s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Email: melwani@whafh.com